**FILED**
**Dec 12, 2023**
**12:35 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| Solomon Demissie, | ) | Docket No. 2023-06-2358 |
|     Employee, | ) | |
| v. | ) | |
| N & S, Inc., | ) | State File No. 9505-2023 |
|     Employer, | ) | |
| And | ) | |
| Hanover Insurance Co., | ) | Judge Kenneth M. Switzer |
|     Carrier. | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court held an expedited hearing on December 5, 2023, on Solomon Demissie's request for additional medical and temporary disability benefits.

Mr. Demissie suffered multiple injuries in a motor vehicle accident while working for N&S, Inc. on October 3, 2022. N&S accepted the claim and agreed to pay many of the bills for post-accident treatment until Mr. Demissie saw Dr Forrest Allen, the authorized physician. But N&S contended that his current condition is not related to work and he is not entitled to additional temporary disability benefits.

For the reasons below, the Court orders that N&S schedule a follow-up visit with Dr. Allen, but at this time Mr. Demissie has not proven entitlement to the other requested benefits. Regardless, a referral is made for the imposition of penalties for N&S and the carrier's handling of the claim.

### Claim History

Mr. Demissie works as an auto mechanic/master diagnostician for N&S. He testified that the car he was driving was "t-boned" and pushed into incoming traffic on its side. He briefly lost consciousness. When he awoke, he notified his supervisor, who came to the accident site and asked if he was okay before retrieving the car.

Mr. Demissie went by ambulance to the emergency room. He offered no records of the initial treatment but said he was sent home that same day. He missed work for approximately one week afterward.

On October 12, Mr. Demissie told N&S he needed treatment and was directed to a chiropractic clinic, where he was seen twice. At about the same time, he hired a personal injury attorney, who recommended he treat elsewhere. The attorney used a lawsuit funding service called Injury Finance, which sent Mr. Demissie to a different clinic for conservative treatment.

Mr. Demissie said that he returned to work part-time on November 3. However, he could not earn the same wages as before the accident because he attended physical therapy during work hours and did not qualify for overtime pay.

He testified that around this time, he questioned why N&S was not handling the claim under workers' compensation. He said the response was that he had a lawyer and would recover more under the personal injury lawsuit. N&S created a memo calculating his lost wages for use in that case, which Mr. Demissie did not offer into evidence. N&S did not object to any of this testimony.

The personal injury claim settled in January 2023, but the settlement amount did not cover the entire cost of the post-accident treatment. Mr. Demissie asked N&S to file a workers' compensation claim, which was denied. In March, he filed this lawsuit, and after mediation N&S offered a panel and paid past temporary disability benefits.

Mr. Demissie saw panel physician Dr. Forrest Allen only once, on May 23. Notes from that visit state:

> [M]ore than 51% of the patient's work-related injury is related to the motor vehicle accident on 10/3/22. However I would say that the pain he is currently having should be resolving or should be resolved at this point since this is musculoskeletal in nature and there is no major pathology that I can appreciate on his exam or his imaging. I think he is able to return to work at full capacity. And it is my opinion he has reached maximum medical improvement at this point.

Dr. Allen diagnosed left hip pain and bursitis, and he administered an injection. He wrote that no future treatment was recommended but Mr. Demissie could return as needed. A few days later, Dr. Allen completed a Final Medical Report, where he repeated his maximum medical improvement opinion, assigned a zero percent impairment rating, and anticipated no future treatment.

Mr. Demissie treated on his own using his personal insurance beginning in March 2023. He testified without objection that he was placed on restrictions in March and later taken off work but introduced no admissible evidence to support that contention. Mr. Demissie filed records from physician assistants and bills from the unauthorized treatment, but he only offered some of the records into evidence at the hearing.[1]

Specifically, the parties agreed to the admissibility of records from an October 5, 2023 visit with Kyle Brooks, a physician assistant, who confirmed that Mr. Demissie suffers from left hip pain, bursitis, and osteoarthritis.[2]

Mr. Demissie also continues treating with a pain management specialist, and at the last visit in November he underwent another injection in the left hip. He testified that his hip pain remains and makes sleep and even sitting in a chair difficult. He disagreed with Dr. Allen's conclusions and asked to see another authorized doctor.

As to past disability benefits, N&S cross-examined Mr. Demissie about whether it paid benefits from October 12-31, 2022, and January 19-February 3, 2023. He agreed that he received two checks totaling approximately $5,000 but contended he was not paid from October 12-17.[3] N&S wrote in its brief that it paid all of the benefits on May 19, 2023, and in closing argument, N&S's lawyer said the weekly compensation rate for the past sums was $1,125.23.

Neither party offered documentary evidence to substantiate the dates of payment, the timeframes they covered, or the exact amounts paid. The only document in evidence about temporary disability benefits, by Mr. Demissie's agreement, was an unsigned memo from N&S documenting Mr. Demissie's weekly wages for the fifty-two weeks before the accident. N&S did not use Bureau form C-41.

N&S contended that all other times after the accident, Mr. Demissie worked and received his full wages, and for the times he claimed to be unpaid, he offered no proof that

---

[1] N&S agreed to pay bills for Mr. Demissie's treatment for the accident from October 3, 2022, through the authorized treatment with Dr. Allen, excluding unauthorized treatment at Vanderbilt Orthopedics. N&S agreed to pay: 1) Nashville Fire Department, ambulance; 2) Centennial Medical Center, emergency room; Long's Physician Services, emergency room physician; Action Spine & Joint; Radiology Alliance; Previa Medical Group (orthopedics), Dr. Michael Bell; and Premier Radiology. Some of these bills are being paid to Injury Finance, to reimburse it for sums it has already paid.

[2] The Court did not consider Mr. Brooks's causation opinion because "the opinion of the nurse practitioner . . . did not and could not provide a valid basis for denial of the claim based on causation." *Dorsey v. Amazon.com, Inc.,* 2015 TN Wrk Comp App Bd LEXIS 13, at *9 (May 14, 2015).

[3] N&S's brief stated that it paid benefits from October 12-31, 2022; January 19-20; January 23-28; and January 30-February 3. This totals 33 days of benefits.

a medical doctor took him off work or assigned restrictions. N&S did not file a Notice of Change or Termination of Compensation Benefits, Form C-26.

**Findings of Fact and Conclusions of Law**

Mr. Demissie bears the burden of proof and must show he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6), (d)(1) (2023); *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

As an initial matter, Mr. Demissie testified in detail regarding the circumstances of the work accident, N&S's responses, and the carrier's claims handling. He testified calmly and confidently and did not waver under vigorous cross-examination. *See Kelley v. Kelley,* 445 S.W.3d 685, 694-695 (Tenn. 2014) (discussing indicia of witness credibility). N&S offered no contradictory lay witness testimony. The Court finds all aspects of his testimony credible.

*Medical Benefits*

Mr. Demissie seeks additional treatment. The Workers' Compensation Law states that an employer must furnish medical treatment made reasonably necessary by a work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). N&S eventually accepted the claim and complied with this obligation by authorizing care with Dr. Allen. Dr. Allen acknowledged that the injuries Mr. Demissie suffered from the motor vehicle accident were "more than 51%" related to work.[4]

Dr. Allen added that his current pain "should be resolving or should be resolved at this point since this is musculoskeletal in nature and there is no major pathology that I can appreciate on his exam or his imaging." N&S contended that this statement, and the C-31 response that no future treatment is needed, end Mr. Demissie's right to additional medical benefits. The Court disagrees.

In *Limberakis v. Pro-Tech Security, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *6 (Sept. 12, 2017), the Appeals Board held that at the interlocutory stage, "an employer cannot unilaterally terminate an employee's entitlement to reasonable and necessary medical benefits following a compensable work injury." Further, "unless a court terminates an employee's entitlement to medical benefits, or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured

---

[4] Dr. Allen misstates the definition of a compensable injury. Section 50-6-102(12) states that an employee must show "that the employment contributed more than *fifty percent (50%)* in causing the injury[.]" (Emphasis added).

4

worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury[.]" *Id.* at *7.

Here, the claim is accepted, and the case is at the interlocutory stage, as in *Limberakis.* Despite lengthy, conservative treatment, Mr. Demissie testified that his hip remains painful and has altered his ability to sleep. Dr. Allen saw him once, approximately six months ago. Importantly, at that visit, he wrote that Mr. Demissie may return as needed. Mr. Demissie gave no legal basis for the Court to order that another physician be designated as the authorized physician. Therefore, the Court holds that Mr. Demissie is likely to prevail at a trial on the merits that he is entitled to additional treatment: a return visit with Dr. Allen.

Mr. Demissie also sought an order that N&S pay co-pays or any unpaid bills for unauthorized treatment. However, since the bills and details of his out-of-pocket payments were not admitted into evidence, the Court cannot order their payment at this time. *See also Eaves v. Ametek,* 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8 (Sept. 14, 2018) (Employee must offer proof that the medical bills are "reasonable, necessary, or causally-related to the work accident."). This request is denied.

*Temporary disability benefits*

Mr. Demissie requested past and ongoing temporary disability benefits. He must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. For temporary partial disability benefits, he must show that the treating physician returned him to work with restrictions that N&S either could not or would not accommodate. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

As to the amount of temporary disability he has already received, the parties agreed he was paid for October 18-31 and January 19-February 3. N&S said it paid Mr. Demissie for the week of October 12-17; Mr. Demissie testified that he was not paid for that week. The Court finds he was paid for that week, considering the total amount that N&S paid him, albeit late.[5]

As to later periods, Mr. Demissie testified that unauthorized providers placed work restrictions and later took him off work, but he offered no off-work slips from a medical doctor to verify this. Moreover, Dr. Allen placed him at maximum medical improvement, which ended his entitlement to these benefits. *See Mollica v. EHHI Holdings, Inc., d/b/a Advanced Home Care Management, Inc., d/b/a Encompass Home Health,* 2020 TN Wrk.

---

[5] N&S used a weekly compensation rate of $1,125.23, so Mr. Demissie's daily rate is $160.75. N&S paid him for thirty-three days, totaling approximately $5,304.75.

Comp. App. Bd. LEXIS 22, at *8 (Apr. 21, 2020) ("When an employee becomes able to work at any employment permitted by the nature of his injuries, temporary total disability ends at that time."). The Court finds that he has not carried his burden on this point as well.

Therefore, on this record, Mr. Demissie is unlikely at this time to prevail on a claim for past or ongoing temporary disability benefits. He may obtain additional evidence and renew his requests at a later expedited hearing or the compensation hearing.

*Penalty Referral*

The Court refers this case to the Compliance Program for investigation and the potential imposition of penalties for several rule violations.

First, the memo documenting Mr. Demissie's wages does not use the Bureau form and is unsigned. Tennessee Compilation Rules and Regulations 0800-02-01-.07(1) (May, 2018) states that forms "shall be reproduced in their entirety, including any instructions, and *shall not be modified* without written consent of the Administrator." (Emphasis added). The lack of a signature means the memo is unauthenticated, and although no additional benefits are owed at this time, the Court gives it no weight.

Second, Mr. Demissie testified without contradiction that his supervisor was aware of the accident on the day it happened but did not immediately report it to the carrier. Tennessee Compilation Rules and Regulations 0800-02-01-.05(1)-(2) states that an employer "must accept any notice of a claim for workers' compensation benefits from any employee" alleging an injury, and "employers shall report all known or reported accidents or injuries to their adjusting entity within one (1) business day of knowledge of injury."

Third, Mr. Demissie's unrefuted testimony was that N&S directed him to a clinic it chose in October 2022. Later, and once the claim was reported to the carrier, it was denied, prompting him to file a petition for benefit determination. Mr. Demissie said that he was given a panel only after mediation and did not see the chosen physician until May 23, 2023. This is more than six months after the accident.

Section 50-6-118(9) authorizes penalties for an employer's failure to timely offer a panel of physicians. Tennessee Compilation Rules and Regulations 0800-02-01-.06(1) states that after "receipt of notice of a workplace injury and the employee expressing a need for medical care, an employer shall, as soon as practicable but no later than three (3) business days after receipt of such request, provide the employee a panel of physicians[.]" Subdivision (2) of the rule states, "In the absence of evidence establishing a defense, where the employer fails to provide an appropriate initial panel of physicians to the employee within three (3) business days from the date the employer has notice of a work-related

injury and the employee expressed a need for medical care, . . . the employer may be assessed a civil penalty[.]"

Fourth, Mr. Demissie testified without objection that N&S told him he would recover more in the personal injury case than through workers' compensation. N&S prepared a memo of his lost earnings for that case.

Section 50-6-128 states:

If any employer knowingly, willfully, and intentionally causes a medical or wage loss claim to be paid under health or sickness and accident insurance, or fails to provide reasonable and necessary medical treatment, including a failure to reimburse when the employer knew that the claim arose out of a compensable work-related injury and should have been submitted under its workers' compensation insurance coverage, then a civil penalty of five hundred dollars ($500) *shall* be assessed against the employer[.]"

*See also* Tenn. Comp. R. & Regs. 0800-02-14-.03(1) (September, 2022).

Here, the intentionality of N&S's actions is clear: it not only told him to pursue a remedy elsewhere but also assisted him in doing so by preparing a memo of his lost wages for use in another lawsuit. Further, the statute uses mandatory language; a civil penalty of $500 "shall" be assessed.

Fifth, and finally, by N&S's own admission, Mr. Demissie was paid temporary disability benefits on May 19, 2023, for October 12-31, 2022, and January 19-February 3, 2023. It did not file a form suggesting that no further amounts are owed.

Tennessee Compilation Rules and Regulations 0800-02-14-.06(2) states that "temporary total disability benefits shall be issued accurately and timely to assure the injured employee receives the benefits on or before the date they are due." Subsection (a) states, "To be considered timely, initial temporary total disability payments must be paid to the employee no later than fifteen (15) calendar days after the date the disability begins and every subsequent payment is made within consecutive fifteen (15) calendar day increments, until all temporary total benefits have been paid."

In addition section 50-6-205(d)(1) states that if payments were made but an employer later elects to "controvert the employer's liability, notice of controversy shall be filed with the administrator with fifteen (15) days of the due date of the first omitted payment." *See also* Tenn. Comp. R. & Regs. 0800-02-14-.04(8) (An adjuster electing to terminate benefits after they have been paid shall submit "a SROI MTC PD – Partial Denial for denial of a specific indemnity or medical benefit via EDI within fifteen (15) calendar days of the due date of the first omitted payment.").

The Court finds N&S violated all of these statutes and rules.

**IT IS, THEREFORE, ORDERED** as follows:

1.  N&S shall immediately authorize and schedule a return appointment for Mr. Demissie with Dr. Allen under Tennessee Code Annotated section 50-6-204.

2.  Mr. Demissie's requests for payment of bills for unauthorized treatment and temporary disability benefits are denied at this time.

3.  This case is referred to the Compliance Program for consideration of the imposition of penalties for the above reasons.

4.  A status hearing is set for **February 12, 2024, at 10:00 a.m. Central Time.** Call 615-532-9552 or 866-943-0025 to participate.

5.  Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

> **ENTERED December 12, 2023.**
>
> _Kenneth M. Switzer_
> **JUDGE KENNETH M. SWITZER**
> **Court of Workers' Compensation Claims**

8

## Appendix

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, and Employer's Additional Information
3. Hearing Request
4. Order Setting Status Hearing
5. Status Hearing Order
6. Employer/Carrier's Pre-Hearing Brief
7. Employer/Carrier's Witness and Exhibit List
8. Employee's Pre-Hearing Brief (late-filed, but it's argument only)
9. Employer/Carrier's Revised Witness and Exhibit List (also late-filed)

Evidence:
1. Declaration of Mr. Demissie
2. Medical records, Dr. Allen
3. Wage information
4. Pain Management notes, November 20, 2023, Dr. Amanda Toye
5. Progress notes, October 5, 2023, Kyle Brooks, PA-C

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 12, 2023.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Solomon Demissie, employee | | X | X | demissolo@gmail.com 5424 Oak Chase Drive Antioch, TN 37013 |
| Kitty Boyte, employer's attorney | | | X | kitty.boyte@petersonwhite.com denise.mccorkle@petersonwhite.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*